UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODRICK MAURICE BRAYBOY, | ) | CIVIL ACTION NO. 3:24-CV-1504 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

Rodrick Maurice Brayboy ("Plaintiff"), an inmate confined in Mahanoy State Correctional Institution ("SCI Mahanoy"), lodged an action in the nature of mandamus requesting that this Court compel the Department of Justice and Congress to investigate Plaintiff's allegations that a group of individuals filed fraudulent lawsuits in Plaintiff's name, interfered with the 2020 presidential election, and bribed government officials. (Doc. 1); (*see also* Docs. 8, 9, 10). Plaintiff also requests leave to proceed *in forma pauperis*. (Doc. 4).

Before this case moves forward, we must consider whether the claims in this mandamus action are subject to the Prison Litigation Reform Act ("PLRA") and whether Plaintiff is eligible to proceed *in forma pauperis*. For reasons we will explain in this opinion, we conclude that this mandamus action is subject to the requirements of the PLRA, and Plaintiff is not eligible to proceed *in forma*

*pauperis*. Therefore, we will deny Plaintiff's application for leave to proceed *in forma pauperis* and will give Plaintiff an opportunity to pay the civil filing fee.

## II. BACKGROUND AND PROCEDURAL HISTORY

In 2018, Plaintiff was charged with driving and firearms related offenses, "including, but not limited to, possession of a prohibited firearm, carrying a firearm without a license, driving under the influence, reckless driving, and public drunkenness."[1]

> Following initial proceedings, the case proceeded in the Delaware County Court of Common Pleas and was assigned to, and presided over by, the Honorable George A. Pagano . . . . *Commonwealth v. Brayboy*, CP-23-CR-0001302-2019 (C.P. Delaware). On or about September 28, 2021, Brayboy went to trial on these charges. *Id.* The jury found Brayboy guilty on the firearms charges and one DUI charge, and he was sentenced by Judge Pagano on or about November 22, 2021 to five to ten years of incarceration followed by two years of probation. *Id.* Several remaining charges were dismissed or withdrawn. *Id.*[2]

Plaintiff is currently serving this sentence at SCI Mahanoy.

Plaintiff suggests that his identity was compromised and used by others for nefarious purposes as part of a longstanding conspiracy involving multiple high-ranking state and federal officials. (Docs. 8, 9, 10). He also alleges President Biden "was [p]aid to watch [Plaintiff] from the [s]atellite," and that all his activities are

---

[1] *Brayboy v. Pagano*, No. 21-CV-4247, 2022 WL 1173006, at *1 (E.D. Pa. Apr. 20, 2022) (citing *Commonwealth v. Brayboy*, CP-23-CR-0001302-2019 (C.P. Delaware Cty.), and *Commonwealth v. Brayboy*, MJ-32237-CR-0000552-2018 (Magis. Ct. Delaware Cty.)).

[2] *Id.*

streamed online and are available to watch for a fee. (Docs. 9, 10). He asserts money damages were awarded for some of the lawsuits fraudulently brought in his name, and that streaming his activities online was profitable. According to Plaintiff, the money damages from fraudulent lawsuits, and profits from streaming his activities online, were used to interfere with the 2020 presidential election and bribe government officials. (Docs. 8, 9, 10). He alleges that this corrupt conspiracy to use his name and stream his daily activities online for profit puts him, his family, and the country at risk. (Doc. 10). He alleges that he has been "kidnapped," and "they" have threatened to kill him if he does not "clear money" for people like President Joseph Biden, Former Present/President-elect Donald Trump, Pennsylvania Governor Josh Shapiro, and Former Pennsylvania Governor Tom Wolf. *Id.*

Plaintiff alleges in 2020, 2021, and 2022 he submitted complaints to the Department of Justice and to Congress via online services, by mail, and by telephone. (Doc. 1, p. 2). Plaintiff suggests his complaints to the Department of Justice included allegations of "corruption" of Plaintiff's September 2021 trial in the Court of Common Pleas of Delaware County, and his complaints to Congress requested that President Joseph Biden be removed from office. He alleges these complaints were not investigated.

On September 6, 2024, Plaintiff lodged a three-page mandamus complaint. (Doc. 1). Plaintiff asserts this Court has jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651, and Rule 21 of the Federal Rules of Appellate Procedure. Plaintiff alleges the Department of Justice and Congress' failure to act on his complaints violates his "Fourteenth amendment Right under the United States Constitution, to Equal Dueprocess of the Laws under the Dueprocess Clause, to have Complaints investigated if they are substantiated." (Doc. 1, p. 2) (errors in original). Plaintiff requests that the Department of Justice and Congress be ordered to investigate his complaints, and that the United States Attorney General, President Joseph Biden, and others be removed from office.

## III.   DISCUSSION

### A.   ALLEGATIONS IN PLAINTIFF'S PLEADING

Plaintiff is proceeding without counsel or "*pro se*." The Court is required to construe *pro se* filings liberally and hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers."[3] "Liberal construction of *pro se* pleadings means paying attention to what the litigant has alleged and using

---

[3] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

common sense."[4] Therefore, we will "apply the relevant legal principle even when the [pleading] has failed to name it."[5]

Plaintiff asserts that he brings this mandamus action pursuant to 28 U.S.C. § 1651. Section 1651 is known as the "All Writs Act." This statute states in relevant part that, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[6] "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute."[7] "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."[8] It appears that some of the claims Plaintiff asserts may be covered by another statute, 28 U.S.C. § 1361, because he seeks to compel an agency of the United States to perform a duty. This statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[9]

---

[4] *Gindraw v. Sanford*, No. 3:24-CV-65-KAP, 2024 WL 3179781, at *2 (W.D. Pa. June 26, 2024).
[5] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).
[6] 28 U.S.C. § 1651(a).
[7] *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).
[8] *Id.*
[9] 28 U.S.C. § 1361.

In his pleading, Plaintiff requests that this Court compel the Department of Justice to investigate various complaints of corruption he lodged with them. Thus, he seeks to compel a government agency to act in a manner he believes is consistent with a duty owed to him. We will therefore construe this mandamus action as seeking relief under 28 U.S.C. § 1651 and 28 U.S.C. § 1361.

### B.  PLAINTIFF'S REQUEST FOR MANDAMUS RELIEF IS SUBJECT TO THE PLRA

The PLRA "dramatically altered the consequences attached to *in forma pauperis* status for" inmates.[10] Under the PLRA, an inmate-plaintiff must pay the full filing fee for all civil actions or appeals of civil actions on an installment plan.[11] It "distinguishes between criminal and civil actions, and requires federal courts to collect filing fees only in the latter cases, where 'a[n inmate] brings a civil action or files an appeal.'"[12] In *Madden v. Myers*, the Third Circuit held that a "bona fide" mandamus action under 28 U.S.C. § 1651, regardless of the nature of the underlying action, cannot be subject to the PLRA.[13] However, it is the nature of the document, rather than the label attached to it, that determines whether a filing is a "bona fide" mandamus action. An inmate-plaintiff "should not be able to evade

---

[10] *Madden v. Meyers*, 102 F.3d 74, 76 (3d Cir. 1996).
[11] *Id.*
[12] 28 U.S.C. § 1915(b)(1).
[13] *Madden*, 102 F.3d at 78.

the PLRA by masking as a mandamus petition a paper otherwise subject to the Act."[14]

Case law in the Third Circuit is not settled as to when, or whether, the PLRA applies to mandamus relief sought under 28 U.S.C. § 1361.[15] District courts within this circuit have applied the PLRA to mandamus actions seeking relief under § 1361 where the relief sought is not related to the underlying case in which the inmate-plaintiff was charged with or convicted of a crime.[16] For example, in *Roudabush v. Mensah*, a federal inmate sought the return of legal papers under 28 U.S.C. § 1361. The Court found that the PLRA applied to the inmate-plaintiff's

---

[14] *Id.*

[15] In *Madden*, the Third Circuit acknowledged,
Writs of mandamus are also authorized by 28 U.S.C. § 1361, which grants district courts jurisdiction in "an action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Actions pursuant to § 1361 are often the method for seeking review of an agency action. *See* 5 U.S.C. § 703. Although the same considerations may apply, whether the PLRA applies to § 1361 petitions is not before us, therefore, we need not decide it at this time."
*Id*. at 76 n.2

[16] *Roudabush v. Mensah*, No. 15-8110 (NLH), 2016 WL 952336, at *2 (D.N.J. Mar. 14, 2016) (citing *Hamani v. Dir. Fed. Bureau of Prisons*, No. 11-2780 JEI, 2011 WL 2112306 (D.N.J. May 25, 2011) (collecting cases), *Keys v. Dep't of Justice*, No. 4:08-CV-02239, 2009 WL 648926, at *2 (M.D. Pa. Mar. 10, 2009) (holding that the PLRA applies based on the plain language of the statute), and *Franco v. Bureau of Prisons*, 207 F. App'x 145 (3d Cir. 2006) (affirming a district court's screening analysis of an action brought under 28 U.S.C. § 1361)).

petition because it did not relate to a judge conducting a criminal trial and sought relief analogous to what could be obtained through a civil action.[17]

Here, Plaintiff attempts to characterize this mandamus action as seeking relief related to his September 2021 criminal trial before the Court of Common Pleas of Delaware County. This characterization, however, is not enough to persuade us that the PLRA does not apply. In this action, Plaintiff is attempting to initiate a new civil action, unrelated to any other proceeding, to compel the government to investigate and prosecute others.[18] Plaintiff's decision to characterize this action as seeking relief in the nature of mandamus is merely a thinly veiled attempt to avoid the requirements of the PLRA. In fact, Plaintiff has already asserted nearly identical claims against the Department of Justice in a § 1983 action, and those claims were dismissed under the PLRA.[19] We find that

---

[17] *Compare Roudabush*, 2016 WL 952336, at *2 *with In re Nagy*, 89 F.3d 115 (2d Cir. 1996) (finding that an inmate-plaintiff's § 1361 complaint was not subject to the PLRA because it was directed to a judge conducting a criminal trial).

[18] Although Plaintiff does not provide a clear description of the complaints he made to the Department of Justice and Congress, his letters suggest these complaints concerned a group of individuals who failed fraudulent lawsuits on his behalf and streamed his daily activities over the internet to raise money, interfere with the 2020 presidential election, and bribe government officials. These general allegations that various government officials are corrupt, and his speculative inference that this corruption extended to his criminal trial is not enough to connect the allegations in his pleading to his 2021 DUI and firearms convictions. Absent more concrete allegations connecting this alleged corruption to Plaintiff's criminal case, we cannot conclude that this action is related to Plaintiff's 2021 convictions.

[19] *Brayboy v. Department of Justice*, No. 24-CV-2604, 2024 WL 3497892 (E.D. Pa. July 19, 2024).

this type of repetitive filing is precisely the conduct that the PLRA seeks to curtail. Therefore, we conclude this pleading is subject to the PLRA because it is not related to any underlying criminal or civil action, and instead is merely an attempt to initiate a new civil action repeating claims that have already been dismissed.

    **C.**    **PLAINTIFF HAS ACCRUED THREE STRIKES**

Under the PLRA, this Court has an affirmative duty to screen and review civil actions or appeals of civil actions filed by inmates who seek, or have been granted, leave to proceed *in forma pauperis*. This screening review is "designed to filter out the bad claims and facilitate consideration of the good."[20] One aspect of this review entails ensuring that inmates do not abuse the privilege of proceeding without prepayment of the $405 civil filing fee. Towards that end, Congress enacted a "three strikes" rule.[21] The three strikes rule is codified in 28 U.S.C. § 1915(g) and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[22]

---

[20] *Jones v. Bock*, 549 U.S. 199, 204 (2007).
[21] *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).
[22] 28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests."[23] With this goal in mind, it is well settled that "generally, [an inmate] may not be granted [*in forma pauperis*] status if, on three or more occasions, he brought an action that was dismissed as frivolous."[24] In most cases, inmates who attempt to bring such lawsuits *in forma pauperis* should have their pleading dismissed.[25]

> In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under § 1915(g), we look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under § 1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights." *Lopez v. U.S. Dept. of Justice*, 228 F. App'x 218 (3d Cir. 2007) (citing *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996)). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of § 1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g)." *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143, 144 (3d Cir. 1997) (citing *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996)); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996); *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996).
>
> The grounds of dismissal cited by the court in its dismissal orders are also significant in this setting. Section 1915(g) provides that the

---

[23] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318-19 (3d Cir. 2001).
[24] *Brown v. City of Philadelphia*, 331 F. App'x 898, 899, (3d Cir. 2009).
[25] *Id.*

preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* As the Third Circuit has observed: "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).[26]

In July 2024, United States District Judge Mitchell S. Goldberg determined that Plaintiff accumulated at least three strikes for purposes of § 1915(g), and we agree with his analysis. Judge Goldberg found:

> In *Brayboy v. Pagano*, No. 21-4247 (E.D. Pa.), Brayboy's claims for violations of his constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments based on events during his criminal trial were dismissed on April 20, 2022, in part with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and in part without prejudice because they were barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (explaining that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). (*See* No. 21-4247, ECF No. 13 at 9.) The dismissal of this case on April 20, 2022 in its entirety, in part on enumerated statutory grounds and in part pursuant to *Heck*, constitutes a strike under § 1915(g). *See Garrett v. Murphy*, 17 F.4th 419, 427 (3d Cir. 2021) ("We now join

---

[26] *Smith v. Rogers*, No. 1:23-CV-1407, 2024 WL 1098767 (M.D. Pa. Feb. 9, 2024), *report and recommendation adopted as modified sub nom. Smith v. Rodgers*, No. 1:23-CV-01407, 2024 WL 1094692 (M.D. Pa. Mar. 13, 2024).

the Fifth, Tenth, and D.C. Circuits in holding that the dismissal of an action for failure to meet *Heck's* favorable-termination requirement counts as a PLRA strike for failure to state a claim. We do so for a simple reason: Any other rule is incompatible with *Heck*.").

In *Brayboy v. Gov't Juris. Off.*, No. 23-4975 (E.D. Pa.), Brayboy's claims for false arrest, false imprisonment, and due process violations were dismissed with prejudice on March 7, 2024, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because they were facially untimely. (*Id.*, ECF No. 13 at 3, 5.) The dismissal of this case in its entirety constitutes a strike for purposes of § 1915(g).

In *Brayboy v. Magistrate Judge Lynne Sitarski*, No. 24-1087 (E.D. Pa.), Brayboy's Complaint that sought to challenge actions taken in his separate habeas corpus proceeding was dismissed with prejudice on May 29, 2024, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*Id.*, ECF No. 6 at 7.) The dismissal of this case in its entirety constitutes a strike for purposes of § 1915(g).

In *Brayboy v. Kullner*, No. 23-1651 (M.D. Pa.), in a memorandum and order filed December 4, 2023, the Court screened and dismissed Brayboy's due process claims under the Fourteenth Amendment with prejudice and his access-to-courts claim under the First Amendment without prejudice to amendment, pursuant to 28 U.S.C. § 1915A(b)(1). (*Id.*, ECF No. 12 at 10-11.) Then, on January 26, 2024, when Brayboy failed to file an amended complaint within the time allowed, even after being provided extensions of time to do so, his remaining claim was dismissed with prejudice under § 1915A(b)(1). (*Id.*, ECF No. 20.) In combination, these Orders dismissed all claims in the case with prejudice and constitute a strike for purposes of § 1915(g).[27]

---

[27] *Brayboy v. Dep't of Justice*, No. 24-CV-2604, 2024 WL 3497892, at *2 (E.D. Pa. July 19, 2024).

Once an inmate-plaintiff has accrued three "strikes," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status unless the inmate alleges that he or she is "under imminent danger of serious physical injury."[28]

> The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that [an inmate] is not subject to serious injury due to his inability to pay a filing fee. *Ball* [*v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013), *abrogated in part on other grounds*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015)]. It "creates a narrow opening for a particular type of claim; it does not give [inmates] . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)). "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467. Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.* Finally, "there must be a nexus between the imminent danger a three-strikes [inmate] alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (per curiam). In other words, the claimed imminent danger must relate to the legal claims the [inmate] pursues. *Id.*; *see also Brown v. U.S. Dist. Ct.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things: the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

The pleading and two subsequently filed letters include no allegations that suggest Plaintiff was in imminent physical danger. In third letter, Plaintiff alleges "they" threatened to kill him if he does not "clear money." (Doc. 10, p. 2). The question of whether the danger alleged is "imminent" is assessed as of the time the

---

[28] 28 U.S.C. § 1915(g).

pleading is lodged. "[I]f pro se [inmates] were allowed to get around § 1915(g) simply by claiming that they were in imminent danger of physical harm without providing the court with any substantial supporting allegations, it would completely defeat the purpose of § 1915(g)."[29] Therefore, a district court need not credit factual claims of imminent danger that are conclusory, baseless, fantastic, delusional, irrational, or incredible.[30]

    Plaintiff does not allege in his pleading, or in the first two letters, any facts that suggest he is in imminent physical danger. In a third letter, however, Plaintiff alleges that unnamed individuals threatened his life. Even assuming this danger was present on the date Plaintiff lodged his pleading, however, the information in this letter is not enough to satisfy the imminent danger exception because Plaintiff does not provide substantial supporting allegations. Plaintiff does not allege who "they" are, or otherwise provide information to substantiate his belief that he is in imminent physical danger. Therefore, we find that the imminent physical danger exception to the PLRA three-strikes rule does not apply because Plaintiff does not allege he was in imminent physical danger on the date he lodged this pleading, and the only allegations of imminent physical danger are too vague, conclusory, and speculative to credit.

---

[29] *Merriweather v. Reynolds*, 586 F.Supp.2d 548, 552 (D.S.C. 2008).
[30] *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998).

Accordingly, Plaintiff is prohibited from proceeding *in forma pauperis* in this case under the PLRA's three strikes rule. His motion requesting leave to proceed *in forma pauperis* will be denied.

## IV.    CONCLUSION

For the reasons set forth herein, we will deny Plaintiff's motion requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Should Plaintiff desire to litigate his claims, he must pay the full civil filing fee in advance. An appropriate order giving Plaintiff the opportunity to pay the filing fee will be issued. Even if the filing fee is paid, however, Plaintiff's complaint may be subject to statutory screening pursuant to 28 U.S.C. § 1915A.

Date: December 13, 2024                    BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge
